# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Not for Publication**

|  |  |
|---|---|
| RICHARD LEADBEATER, | |
| *Plaintiff*, | Civil Action No. 16-7655 (JMV) |
| v. | |
| JP MORGAN CHASE, N.A, ET AL. | **OPINION** |
| *Defendant(s)*. | |

**John Michael Vazquez, U.S.D.J.**

This case arises from Plaintiff's claims that assignments of his 2003 mortgage, as well as the 2009 foreclosure on his home, were unlawful. The present matter comes before the Court on Defendants'[1] motions to dismiss *pro se* Plaintiff Richard Leadbeater's ("Plaintiff") Amended Complaint.[2] Defendants Seterus, Inc. ("Defendant Seterus") and Federal National Mortgage Association ("Defendant FNMA") move to dismiss pursuant for lack of subject-matter jurisdiction pursuant to Federal Rule 12(b)(1), for failure to state a claim pursuant to Federal Rule 12(b)(6),

---

[1] Defendants include JPMorgan Chase Bank N.A. ("Chase"), Chase Home Finance, LLC, Federal National Mortgage Association ("FNMA") as trustee for Fannie Mae REMIC Trust 2003-95, Seterus, Inc. ("Seterus"), Mortgage Electronic Registration System ("MERS"), and John Does 1 through 100 inclusive, *et al* (collectively, "Defendants").

[2] Plaintiff's Amended Complaint will be referred to hereinafter as "Am. Compl." (D.E. 38). Defendants Seterus and FNMA's brief in support of its motion to dismiss the amended complaint will be referred to hereinafter as "Defs. Seterus/FNMA Br." (D.E. 45); Defendant Chase's brief in support of its motion to dismiss the amended complaint will be referred to hereinafter as "Def. Chase. Br." (D.E. 46); Plaintiff's brief in opposition will be referred to hereinafter as "Pl. Opp. Br." (D.E. 55); Defendants Seterus and FNMA's reply will be referred to hereinafter as "Def. Seterus/FNMA Reply" (D.E. 57); Defendant Chase's reply will be referred to hereinafter as "Def. Chase Reply" (D.E. 58).

and for an inadequate pleading pursuant to Federal Rule 9(b). D.E. 45. Defendant JP Morgan Chase Bank, N.A. ("Defendant Chase") moves to dismiss for lack of subject-matter jurisdiction and for failure to state a claim. D.E. 46. This motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. The Court has considered the parties' submissions and grants Defendants' motions to dismiss all counts without prejudice.

## I. BACKGROUND

The following facts are derived from Plaintiff's Amended Complaint ("Am. Compl."), as well as the exhibits attached to the Amended Complaint and the exhibits attached to Defendants' motions to dismiss.[3]

Plaintiff alleges that he "was issued an Uncertified Security to execute in the capacity of (Accommodation Party) to a Tangible Note Bill of Exchange on August 7, 2003 regarding a purported loan to (Accommodated Party) Federal National Mortgage Association for $.00." Am. Compl., at ¶ 31.[4] Defendant Chase's Exhibit A clarifies that that on August 7, 2003, Plaintiff and

---

[3] The specific factual allegations in the Amended Complaint are, at times, unclear. However, a somewhat more complete picture is made possible when considering the Amended Complaint in conjunction with the exhibits attached to the pleading and attached to Defendants' motions to dismiss. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[4] When referring to the paragraph number in the Amended Complaint, this Court is referring to the number actually delineated in Plaintiff's Amended Complaint. The Amended Complaint skips from paragraph number 15 to paragraph number 20.

Daisy Metzger-Rech ("Metzger-Rech")[5] executed a mortgage (the "Mortgage') and signed a note in the amount of $283,000.00 regarding the property (the "Property") located at 73 Linden Avenue, Kearney, New Jersey. Def. Chase Br., Ex. A; *see also* Am. Compl. at ¶ 3. On August 11, 2003, the Mortgage was recorded in the Hudson County Clerk's Office. Def. Chase Br., Ex. A. The Mortgage was originally executed to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for SIB Mortgage Corporation ("SIB"). Def. Chase Br., Ex. A; Defs. Seterus/FNMA Br., Ex. Two. Plaintiff alleges that the mortgage loan was subsequently assigned to "Chase Home Finance, LLC and then to "Fannie Mae." Am. Compl. ¶¶ 34-36. Defendants' exhibits demonstrate that the Mortgage was assigned by MERS to Chase in 2008, and then assigned to FNMA[6] in October 2014. Defs. Seterus/FNMA Br., Ex. Three. Plaintiff appears to allege that FNMA was unlawfully assigned an unperfected mortgage on the Property. Am. Compl. at ¶¶ 12, 20.

A foreclosure action on Plaintiff's Property was initiated on December 17, 2008 when Defendant Chase filed a complaint, *JPMorgan Chase Bank, N.A. v. Daisy Metzger-Rech, et al.*, Case No. F-49933-08, in the Superior Court for New Jersey, Chancery Division, Hudson County ("State Superior Court"). Def. Chase Br., Ex. B. On December 16, 2009, the State Superior Court entered a Final Judgment of Foreclosure against Plaintiff and other parties. Def. Chase. Br, Ex. C. The State Superior Court granted an emergent motion to stay a subsequent sale of the Property on July 29, 2010. Def. Chase. Br., Ex. E. However, Plaintiff's later motion to stop a sale was denied on July 23, 2015. Def. Chase Br., Ex. G. The Property was sold on July 23, 2015. Def. Chase.

---

[5] Plaintiff's Amended Complaint indicates that Metzger-Rech is "Plaintiff's wife, [who] later left the marriage." Am. Compl. ¶ 31.

[6] Plaintiff's Amended Complaint interchangeably uses "Fannie Mae" and "Federal National Mortgage Association."

Br., Ex. H. On August 19, 2016, the State Superior Court entered an order staying Plaintiff's eviction. Def. Chase. Br, Ex. I.

## II. PROCEDURAL HISTORY

On May 18, 2016 Plaintiff filed his initial complaint in United States District Court for the Southern District of New York. D.E. 1. On October 10, 2016 the case was transferred to this District. D.E. 23. On November 8, 2016, Defendant FNMA filed a motion to dismiss. D.E. 29. On November 14, 2016, Defendant Chase filed a motion to dismiss. D.E. 30.

On December 16, 2016, Plaintiff sought leave to file an amended complaint or for an extension of time to file a response in opposition to Defendants' motions to dismiss. D.E. 33. On January 20, 2017, Plaintiff filed the Amended Complaint. D.E. 38. Defendant FMNA and Defendant Seterus filed their motion to dismiss on February 28, 2017 ("Defs. Seterus/FNMA Br."). D.E. 45. Defendant Chase also filed a motion to dismiss that same day ("Def. Chase Br."). D.E. 46. On April 7, 2017, the Court granted Plaintiff's request for a 30 day extension to file a response to Defendants' motions to dismiss. D.E. 51. On September 11, 2017, the Court granted Plaintiff an additional 30 days to respond to Defendants' motions to dismiss. D.E. 53. On October 10, 2017, Plaintiff filed papers in opposition to Defendants' motions to dismiss.[7] D.E. 55. On October 20, 2017, Defendants Seterus and FNMA filed a reply, D.E. 57, and Defendant Chase also filed a reply, D.E. 58.

---

[7] The Court notes that Plaintiff's opposition papers, D.E. 55, are 61 pages of handwritten statements and attachments. Plaintiff largely fails to address Defendants' arguments. Defendants Seterus and FNMA, as well as Defendant Chase, argue that Plaintiff's claims should be dismissed because he abandoned his claims. *See, e.g., Duran v. Equifirst Corp*, 2010 WL 936199, at *3 (D.N.J. Mar. 12, 2010). However, because Plaintiff is proceeding *pro se*, the Court will still consider the grounds for Defendants' motions to dismiss.

### III. STANDARD OF REVIEW

a. Rule 12(b)(1)

In deciding a Rule 12(b)(1) motion for lack of subject-matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed.[8] A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (quoting *Moore v. Angie's List, Inc.*, 118 F. Supp. 3d 802, 806 (E.D.Pa. 2015)). When a party moves to dismiss prior to answering the complaint, as is the case here, the motion is generally considered a facial attack. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

For a facial attack, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss. *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)). The burden is on the Plaintiff to prove the Court has jurisdiction. *Id.* (citing *Petruska*, 462 F.3d at 302).

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). One key aspect of this case-or-controversy requirement is standing. *See id.* "The standing inquiry focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Constitution*

---

[8] This Court also has an independent obligation to establish that it has subject-matter jurisdiction. *Morel v. INS*, 144 F.3d 248, 251 (3d Cir. 1998) ("[A federal] court . . . will raise lack of subject-matter jurisdiction on its own motion.") (quoting *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

*Party of Pa.*, 757 F.3d at 360. To establish standing, a plaintiff must satisfy a three-part test, showing: "(1) an 'injury in fact,' *i.e.*, an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, *i.e.*, traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court." *Nat'l Collegiate Athletic Ass'n v. Gov. of N.J.*, 730 F.3d 208, 218 (3d. Cir. 2013).

### b. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no

relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds him to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "Court need not . . . credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

**IV. ANALYSIS**

The Amended Complaint asserts the following counts: (1) wrongful foreclosure and lack of standing; (2) fraud in the concealment against FNMA; (3) fraud in the; (4) unconscionability in regards to a contract with FNMA; (5) breach of contract by FNMA and MERS; (6) breach of fiduciary duty; (7) quiet title against; (8) slander of title; (9) temporary restraining order and injunctive relief; (10) violations of the "National Homeowner Bill of Rights"; (11) declaratory relief; and (12) violations of 15 U.S.C. Section 1651(g)(1), the Consumer Credit Protection Act ("CCPA"). The Amended Complaint additionally seeks, among other things, declaratory judgments determining Defendants' interests in the property located at 73 Linden Avenue, a "refund of any wrongfully or improperly collected fees and payments to Defendants to which it had no right[,]" and "[m]onetary relief over $100,000 but not more than $2,000,000.00." Am. Compl. Prayer for Relief. In support of these allegations, Plaintiff attaches a "Property Securitization Analysis Report" prepared on September 1, 2015 by Certified Forensic Loan Auditors, LLC.[9] Am. Compl., Ex. A. Plaintiff refers to this as a "Forensic Chain of Title

---

[9]  Judge Madeline Cox Arleo has previously cautioned that she has "concern over the dubious nature of such reports [prepared by Certified Forensic Loan Auditors, LLC." *Hicks v. The Bank of New York, et al.*, Civil Action No. 15-1620, Letter Order, D.E. 22 (Feb. 22, 2016). The FTC

Securitization Analysis completed by qualified expect [sic] in to [sic] verify the claims of the complaint." Am. Compl. at ¶ 29.

Defendant Seterus and Defendant FNMA first argue that this Court lacks subject-matter jurisdiction over this action under Federal Rule 12(b)(1) based on the *Rooker-Feldman* doctrine and *res judicata*. Def. Chase Br. at 6-11. Second, Defendant Seterus and Defendant FNMA argue that Plaintiff lacks standing to bring many of his claims. Def. Chase Br. at 11-14. Lastly, Defendant Seterus and Defendant FNMA argue that Plaintiff's Amended Complaint fails to state a valid claim based on New Jersey's entire controversy doctrine, and the pleading requirements of Federal Rules 9(b) and 12(b)(6). Defs. Seterus and FNMA Br. at 14-30.

Defendant Chase first argues that this Court lacks subject-matter jurisdiction over this action under Federal Rule 12(b)(1) based on the *Rooker-Feldman* doctrine, lack of standing, and failure to plead a basis for federal subject-matter jurisdiction. Def. Chase Br. at 7-17. Second, Defendant Chase argues that Plaintiff's Amended Complaint fails to state a valid claim under Federal Rule 12(b)(6) based on New Jersey's entire controversy doctrine, res judicata, the economic loss doctrine, and failure to state a cognizable claim for relief. Def. Chase. Br. at 17-40.

a. **12(b)(1)**

1. ***Rooker-Feldman* Doctrine**

The *Rooker-Feldman* doctrine precludes this Court from hearing Plaintiff's claims that directly challenge the State Superior Court's foreclosure action. Accordingly, this Court lacks subject-matter jurisdiction to hear Count One (wrongful foreclosure and lack of standing), Count

---

has recently warned consumers to be wary of "forensic mortgage loan audits." Federal Trade Commission, Forensic Loan Audits, https://www.consumer.ftc.gov/articles/0130-forensic-loan-audits (last visited September 13, 2017) ("According to the Federal Trade Commission (FTC), the nation's consumer protection agency, the latest foreclosure rescue scam to exploit financially strapped homeowners pitches forensic mortgage loan audits.").

Seven (quiet title), Count Nine (temporary restraining order and injunctive relief), and Count Eleven (declaratory relief) that aim to challenge the Superior Court of New Jersey's final foreclosure judgment.[10]

"The *Rooker–Feldman* doctrine[11] precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)); *see also Williams v. BASF Catalysts LLC*, 765 F.3d 305, 315 (3d Cir. 2014). The Third Circuit has ruled that the doctrine applies once four elements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."[12] *Great*

---

[10] The *Rooker-Feldman* doctrine limits the subject-matter jurisdiction of this Court, and therefore it will be considered part of Defendants' motions to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). *See Gary v. Braddock Cemetery*, 517 F.3d 195 (3d Cir.2008) (affirming 12(b)(1) dismissal based on *Rooker-Feldman* doctrine).

[11] The Supreme Court most recently addressed the scope of the *Rooker-Feldman* doctrine in *Lance v. Dennis*, 546 U.S. 459 (2006) and before that in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). While the Court narrowed the scope of the doctrine in *Lance* and *Exxon Mobil*, the Court made clear that the doctrine still applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance*, 546 U.S. at 464 (quoting *Exxon Mobil*, 544 U.S. at 284).

[12] The Third Circuit previously relied on a different test to determine whether the *Rooker-Feldman* doctrine applied to a subsequent federal suit. However, in light of *Lance* and *Exxon Mobil*, the Third Circuit concluded that "'caution is now appropriate in relying on our pre-*Exxon* formulation of the *Rooker–Feldman* doctrine,' which focused on whether the state and federal suits were 'inextricably intertwined.'" *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 169 (3d Cir. 2010) (quoting *Gary v. Braddock Cemetary*, 517 F.3d 195, 200 n.5 (3d Cir. 2008)). In place of the "inextricably intertwined" analysis, in *Great W. Mining*, the Third Circuit concluded that a four-factor test is appropriate.

*W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)).

"The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." *Great W. Mining*, 615 F.3d at 166. The Third Circuit advises that "[t]he second requirement—that a plaintiff must be complaining of injuries caused by a state-court judgment—may also be thought of as an inquiry into the source of the plaintiff's injury." *Id.* at 166 (citing *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d Cir.2006). "A useful guidepost is the timing of the injury, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been 'caused by' those proceedings." *Id. at* 167. The Third Circuit has explained that the fourth requirement is "closely related" to the second requirement, *id.* at 168, but that the fourth requirement is aimed at plaintiff asking a federal district court to engage in "appellate review of state-court decisions or a review of the proceedings already conducted by the lower tribunal to determine whether it reached its result in accordance with law." *Id.* (internal citations and quotations omitted).

"Under New Jersey law, a mortgage foreclosure suit determines the right to foreclose and the amount due on the mortgage." *Gage v. Wells Fargo Bank, N.A. A.S.*, 2011 WL 4073877, at *4 (D.N.J. Sept. 9, 2011), *aff'd sub nom. Gage v. Wells Fargo Bank, NA*, 450 F. App'x 121 (3d Cir. 2011), *and aff'd sub nom. Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49 (3d Cir. 2013). The Third Circuit has repeatedly held that the *Rooker-Feldman* doctrine precludes federal district courts from granting relief that would in effect invalidate state court foreclosure proceedings. *See, e.g., Moncrief v. Chase Manhattan Mortg. Corp.*, 275 Fed.Appx. 149, 153 (3d Cir. 2008) (holding that a district court correctly applied *Rooker-Feldman* when a plaintiff sought to "redress from the state court's judgment in [a] foreclosure action."); *Ayres-Fountain v. E. Sav. Bank*, 153 F. App'x

91, 92 (3d Cir. 2005) (holding that a federal district court lacked jurisdiction to review a state court's judgment in a foreclosure action). However, in light of *Lance* and *Exxon Mobil*, the Third Circuit has also cautioned that the *Rooker-Feldman* doctrine must not be applied "beyond the contours of the *Rooker* and *Feldman* cases." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d Cir. 2006) (quoting *Exxon Mobil*, 544 U.S. at 283). The fact that a litigant's "district court complaint undoubtedly overlaps her adjudicated state-court claims, and is based on the same operative facts, this overlap does not mean that the *Rooker-Feldman* doctrine is applicable." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d Cir. 2006).

Here, on December 16, 2009, the Superior Court of New Jersey issued a final and valid judgment foreclosing on Plaintiff's Property. The State Superior Court granted an initial emergent motion to stay a subsequent sale of the Property, but Plaintiff's later emergent motion to stop a sale was denied. The Property was then sold on July 23, 2015. Plaintiff thereafter filed his original Complaint. Having found that a valid state court foreclosure judgment exists, the Court next examines whether Plaintiff's claims will violate the *Rooker-Feldman* doctrine by attempting to invalidate the State Superior Court judgment.

### a. Count One Against All Defendants[13]

Count One alleges, in part, that Defendants "do not have an equitable right to foreclose on the Property" and that "Defendant MERS lacks the authority under its corporate charter to foreclose a mortgage/deed of trust." Am. Compl. at ¶¶ 43-56. This claim clearly attempts to challenge the underlying State Superior Court judgment and all four *Great W. Mining* factors are met. First, it is undisputed that the Plaintiff lost in the State Superior Court foreclosure proceeding.

---

[13] Alternatively, Count One is dismissed because wrongful foreclosure is not a cause of action under New Jersey law. *See, e.g., Vassallo v. Bank of N.Y.*, 2016 WL 1394436 (D.N.J. Apr. 8, 2016) ("In New Jersey, 'wrongful foreclosure' is not a recognized cause of action.").

Second, the foreclosure was directly caused by the State Superior Court judgment. Third, the State Superior Court final judgment was submitted on December 16, 2009, over six years before Plaintiff filed suit in the Southern District of New York on May 18, 2016. Finally, Count One is a clear attempt by Plaintiff to have this Court to review and overturn the judgment of the State Superior Court. Any judgment by this Court on Count One would be, in effect, a direct review of the State Superior Court's mortgage foreclosure judgment. The appropriate venue for review would be the New Jersey Appellate Division rather than this Court. Because this Court lacks jurisdiction over Count One based on the *Rooker-Feldman* doctrine, the count is dismissed without prejudice.

### b. Count Seven Against All Defendants

Count Seven brings a cause of action for quiet title and alleges, in part, that Defendants' claims to the Property "are without any legal right whatsoever" and "constitute a cloud on Plaintiff's title to the" Property. Am. Compl. at ¶ 98. Like Count One, Count Seven asks this Court to overturn the final State Superior Court foreclosure judgement. The *Rooker-Feldman* doctrine does not allow such review by the Court. Therefore, because this Court lacks jurisdiction over Count Seven, the count is dismissed without prejudice.

### c. Count Nine Against All Defendants

Count Nine requests a temporary restraining order and injunctive relief stopping Defendants "from prosecuting any continuance of a foreclosure sale." Am. Compl. at ¶ 115. As already discussed, the foreclosure sale took place on July 29, 2010, after the State Superior Court's final foreclosure judgment on December 16, 2009. Because Count Nine would require the Court to directly review the previous State Superior Court foreclosure proceeding, as well as the completed foreclosure sale on the Property, the Court does not have jurisdiction over the action under the *Rooker-Feldman* doctrine. Therefore, Court Nine is dismissed without prejudice.

### a. Count Eleven Against All Defendants

Count Eleven requests declaratory relief and asks the Court to determine the "rights, obligations, and interest of the parties with regard to the subject property," Am. Compl. at ¶ 122, and asserts that "Plaintiff should be the equitable owner of the Subject Property," *Id.* at ¶ 123. This claim also requires this Court to directly review the State Superior Court foreclosure decision. Because the Court lacks jurisdiction to hear Count Eleven under the *Rooker-Feldman* doctrine, the count is dismissed without prejudice.

### 2. Standing

"Under Fed.R.Civ.P. 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim. 'A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter.'" *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (quoting *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007)). "In evaluating whether a complaint adequately pleads the elements of standing, courts apply the standard of reviewing a complaint pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim: 'Court[s] must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party.'" *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d at 243 (quoting *Ballentine*, 486 F.3d at 810).

### a. Count Eight Against All Defendants

To the extent that Plaintiff argues that the assignment of his mortgage by MERS to Chase, then from Chase to FNMA is somehow invalid, Plaintiff lacks standing to make this claim. Constitutional standing requires a plaintiff to establish "that he or she has suffered an injury in fact that is both concrete and particularized and actual or imminent, not conjectural or hypothetical."

Bauer v. Mortg. Elec. Registration Sys., Inc., 618 F. App'x 147, 149 (3d Cir. 2015). A borrower does not have standing to sue for an illegal assignment of his mortgage. *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 86 (2d Cir. 2014) (finding that borrowers have no standing to allege a defect in the assignment of their mortgages); *Perez v. JPmorgan Chase Bank, N.A.*, 2016 WL 816752, at *3 (D.N.J. Feb. 29, 2016) ("Courts in the Third Circuit have repeatedly held mortgagors lack standing to contest the assignment of their mortgages or notes[.]"). Plaintiff lacks standing here because there is no concrete injury to a borrower when their mortgage is assigned. See *Bauer*, 618 F. App'x at 149 (finding that a borrower had not suffered a "concrete injury" when the borrower did not allege that he was required to pay his loan twice); *Rajamin*, 757 F.3d at 85 (holding that borrowers did not suffer an injury when they did not allege that they had paid more than they owed and were in no imminent danger in having to pay duplicate loans).

Count Eight brings an action for slander of title, and alleges, in part, that the recording of two assignments into the "Official Records of the Hudson County Recorder's Office is a communication to a third party of false statement [sic] derogatory to Plaintiff's title." Am. Compl. at ¶¶ 109-110. Plaintiff essentially argues that he was harmed by the assignment of his Mortgage. However, as described by the Third Circuit, Plaintiff cannot show a concrete injury based on the assignment of his mortgage and therefore does not have standing to pursue any claims based on alleged wrongful assignments of Plaintiff's Mortgage. Therefore, because Plaintiff does not have standing to bring his claim, Count Eight is dismissed without prejudice.

### b. 12(b)(6)

Plaintiff's remaining claims (Count Two, Count Three, Count Four, Count Five, Count Six, Count Ten, and Count Twelve) are examined under Rule 12(b)(6).[14]

#### 1. Failure to Meet Requirements of Federal Rule 9(b)

Count Two and Count Three bring claims based on fraud. Federal Rule of Civil Procedure 9(b) states, in part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Accordingly, in a fraud claim, Rule 9(b)'s heightened pleading standard "requires a plaintiff to plead the 'who, what, when, where, and how' of the conduct giving rise to the claim." *Kowalsky v. Deutsche Bank Nat'l Tr. Co.*, 2015 WL 5770523, at *8 (D.N.J. Sept. 30, 2015). "The purpose of Rule 9(b) is 'to provide defendants with notice of the precise misconduct that is alleged and to protect defendants' reputations by safeguarding them against spurious allegations of immoral and fraudulent behavior.'" *Kowalsky*, 2015 WL 5770523, at *8 (quoting *Naporano Iron & Metal Co. v. Am. Crane Corp.*, 79 F.Supp.2d 494, 511 (D.N.J.2000)). "Plaintiff need not always identify the particular time and place of the misrepresentation, however, so long as the complaint contains some 'alternative means of injecting precision and some measure of substantiation into [the] allegations of fraud.'" *Peters v. Countrywide Home Loans, Inc.*, 2016 WL 2869059, at *3 (D.N.J. May 17, 2016) (quoting *Seville*

---

[14] Defendant Seterus and Defendant FNMA argue that *res judicata* bars all of Plaintiff's claims because the claims "seek to challenge ownership of the Mortgage Loan and object to an alleged lack of notice of assignments and transfers of the Mortgage Loan," and that "Plaintiff had the opportunity to litigate these claims before the state court." Def. Seterus/FNMA Br. at 10. Defendant Chase argues that *res judicata* and the entire controversy doctrine bar Plaintiff's claims because they "arise directly out of the validity of the loan documents and Defendants' standing to foreclose on the Property." Def. Chase Br. at 21. However, the Court has limited information about the foreclosure proceeding. Thus, while Defendants may be correct, the Court lacks sufficient information to conduct a *res judicata* analysis.

*Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984), *cert*. denied, 469 U.S. 1211 (1985)).

Here, Plaintiff's fraud claims in Count Two and Count Three do not satisfy the particularity requirement of Rule 9(b).

### a. Count Two Against Defendant FNMA

Count Two brings an action for fraud in the concealment against Defendant FNMA, Am. Compl. at ¶¶ 57-67. Plaintiff claims that Defendant FNMA, in part, "concealed the fact that they were not a Federal Reserve Depository Bank," *id*. at ¶ 59, and concealed the terms of securitization agreements, *id*. at ¶ 59. Defendant FNMA responds that the Amended Complaint does not allege the elements of fraud in the concealment with the specificity required by Rule 9(b). Def. Seterus/FNMA Br. at 16.

Even when construing the Amended Complaint liberally, the Court agrees that Plaintiff fails to meet Rule 9(b)'s pleading requirements. While the Plaintiff does specifically name Defendant FNMA, Plaintiff fails to identify when the failure to disclose happened and what communications or documents contained the omissions. Plaintiff's bare allegations are not enough to meet Rule 9(b)'s requirements. Therefore, Count Two is dismissed without prejudice.

### b. Count Three Against All Defendants

Count Three brings an action for fraud in the inducement against all Defendants. Plaintiff alleges that Defendants "intentionally misrepresented to Plaintiff [that the] Defendants were entitled to exercise the power of sale provision contained" in the Mortgage. *Id*. at ¶ 69. Defendants again reply the count is not pled with sufficient specificity. Def. Chase Br. at 30-31; Def. Seterus/FNMA Br. at 15-16.

"To sustain a claim for fraud in the inducement, [a plaintiff] must show that Defendants perpetrated "[1] a material representation of a presently existing or past fact, [2] made with knowledge of its falsity and [3] with the intention that the other party rely thereon, [4] resulting in reliance by that party [5] to his detriment." *Metex Mfg. Corp. v. Manson*, 2008 WL 877870, at *4 (D.N.J. Mar. 28, 2008) (quoting *Jewish Ctr. of Sussex Cty. v. Whale*, 86 N.J. 619, 624 (1981)). "Where entrance into a contract has been fraudulently induced, 'a knowing misstatement has been made, on the basis of which the defrauded party signs the instrument.'" *Metex Mfg. Corp.*, 2008 WL 877870, at *4 (quoting *Deerhurst Estates v. Meadow Homes, Inc.*, 64 N.J.Super. 134, 144 (App.Div.1961)).

Again, even when construing Plaintiff's claim liberally, the Court finds that Plaintiff fails to meet Rule 9(b)'s requirements. Plaintiff has not provided any indication of how any Defendants fraudulently induced him into entering into his mortgage. The bare allegations in the Amended Complaint are not enough to meet Rule 9(b)'s requirements. Therefore, Count Three is dismissed without prejudice.

### 2. Failure to State a Claim

#### a. Count Four Against FNMA

Count Four brings a cause of action for "unconscionable contract" against Defendant FNMA. Am. Compl. at ¶¶ 76-83. Plaintiff claims, in part, that Defendant FNMA "forced, tricked, and mislead [Plaintiff] into parting with" the Property, Am. Compl. at ¶ 77, "concealed that they were financially benefitting by bargaining with a third party," Am. Compl. at ¶ 81, and took advantage of "Plaintiff's special disadvantage" to deny Plaintiff the rights to the Property, Am. Compl. at ¶¶ 82-83. Defendant FNMA argues that Plaintiff's claim fails because it "is based entirely on allegations concerning the origination of the Mortgage Loan and the demonstrably

incorrect allegation that [FNMA] was the originator of the Mortgage Loan." Def. Seterus/FNMA Br. at 22.

Under New Jersey law, "a contract is unconscionable if its terms are manifestly unfair or oppressive and are dictated by a dominant party." *Howard v. Diolosa*, 574 A.2d 995, 999 (App. Div. 1990) (citing *Kuzmiak v. Brookchester*, 111 A.2d 425 (App. Div. 1955). "To establish unconscionability, a plaintiff must show 'overreaching or imposition resulting from a bargaining disparity between the parties,' or 'patent unfairness' such that 'no reasonable person not acting under compulsion or out of necessity would accept its terms.'" *Cole v. Wells Fargo Bank, N.A.*, 2016 WL 1242765, at *6 (D.N.J. Mar. 30, 2016) (citing *Rotwein v. Gen. Accident Grp. & Cas. Co.*, 247 A.2d 370 (N.J. Super. Ct. Law. Div. 1968)).

Plaintiff admits in his Amended Complaint that the Mortgage originated with SIB. Am. Compl. at ¶ 34; *see also* Def. Chase Br., Ex. A; Defs. Seterus/FNMA Br., Ex. Two. Plaintiff has not produced any allegation that he ever entered into a contract directly with FNMA. Therefore, because Plaintiff fails to state a valid claim against Defendant FNMA, Count Four is dismissed.

### b. Count Five Against FNMA

Count Five alleges a breach of contract action against Defendant FNMA and alleges that Defendant FNMA "failed to satisfy, release and reconvey the security instrument, thus breaching the terms found in paragraph 23 of the Mortgage/Deed of Trust." Am. Compl. at ¶ 88. Plaintiff states that "[p]ursuant to paragraph 23 . . . Defendant [FNMA] and specifically MERS, their electronic agent was obligated to satisfy, release and reconvey the beneficial security interest in Plaintiff's pledged Mortgage/Deed of Trust upon payment of all sums associated with the release premium to [Defendant FNMA] for Accommodated Party services rendered," Am. Compl. at ¶ 86, and that Defendant FNMA "was paid in full for their Accommodated capacity to the tangible

Note and Mortgage/Deed of Trtust when it sold and relinquished its interest in the Plaintiff's real property to [Defendant FNMA]," Am. Compl. at ¶ 87.

In New Jersey, "[t]o prevail on a breach of contract claim, a party must prove a valid contract between the parties, the opposing party's failure to perform a defined obligation under the contract, and the breach caused the claimant to sustained damages." *EnviroFinance Grp., LLC v. Envtl. Barrier Co., LLC*, 440 N.J. Super. 325, 345 (App. Div. 2015). The Court cannot make sense of this count. Plaintiff claims that Defendant FNMA relinquished its interest in the Property to itself, and therefore Defendant FNMA breached the contract when it did not release the Mortgage. However, the Mortgage document itself states that release of the Mortgage will be made "[u]pon payment of all sums secured by [the Mortgage agreement]." Defs. Seterus/FNMA Br, Ex. 2. Here, Plaintiff fails to allege that the Mortgage was paid in full. Therefore, Plaintiff's has failed to allege plausible facts to support his claim that Defendant FNMA breached the Mortgage. Therefore, Count Five is dismissed without prejudice.

### c. Count Six Against All Defendants

Count Six alleges that Defendant FNMA "failed to meet their fiduciary duty to satisfy, release and reconvey the Real Property Lein Deed of Trust and the beneficial security interest (personal property) therein after receiving payment for all sums represented as the service release premium." Am. Compl. at ¶ 92. This count fails to state a claim for the same reason as Count Five, that is, Plaintiff has not provided any facts to support his claim that the Mortgage was paid in full. Plaintiff also fails to describe Defendant FNMA's fiduciary duty to Plaintiff. *See Donnelly v. Option One Mortg. Corp.*, 2012 WL 4490642, at *8 (D.N.J. Sept. 26, 2012) ("A party cannot generally "state a claim for breach of fiduciary duty based solely on the allegations ... which reflect

nothing more than a debtor-creditor relationship. . . ." (quoting *Abulkhair v. Citibank & Assocs.*, 434 F. App'x 58, 63 (3d Cir.2011)). Therefore, Count Six is dismissed without prejudice.

### d. Count Ten Against All Defendants

Count Ten alleges that Defendant Seterus violated the "National Homeowner Bill of Rights ("HBOR")" without citing a section of the United States Code, Am. Compl. at ¶¶ 116-120, and "New Jersey's HBOR" without citing a specific section of New Jersey Civil Code, Am. Compl. at ¶ 119. This Court cannot find any current federal or state law referred to by either the "National Homeowner Bill or Rights," the "HBOR," or the "New Jersey[] Homeowner's Bill of Rights." In other words, the Court is not aware of any recognized causes of action based on these allegations Therefore, because Plaintiff fails to state a claim upon which relief may be granted, Count Ten is dismissed without prejudice.

### e. Count Twelve Against All Defendants

Count Twelve alleges that Defendants violated Section 1641(g) of the Consumer Credit Protection Act because there were "transfers of the mortgage loan to multiple classes of the Trust, Am. Compl. at ¶ 125, and because Defendants "failed to record and notify Plaintiffs of the purported Assignments 1 [sic], within the time and in the manner required by the CCPA," Am. Compl. at ¶ 126.

> 15 U.S.C. § 1641(g) of the Truth in Lending Act provides, in pertinent part, that

> > not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer[.]

Section 1641(g) became effective on May 20, 2009. *See* Helping Families Save Their Homes Act of 2009, Pub.L. 111–22, Div. A, § 404(a), 123 Stat 1632, 1658 (2009); *Craig v. Bank of New York Mellon Corp.*, 2014 WL 1347225, at *10 (E.D.N.Y. Mar. 31, 2014) ("However, section 1641 was

not amended to include subsection (g) until May 2009."). A number of district courts have found that Section 1641(g) does not apply retroactively. *Craig*, 2014 WL 1347225, at *10 (finding that "the handful of district courts to have considered the issue appear to have uniformly held that § 1641(g) is not retroactive.") (citing cases). Therefore, Section 1641(g) does not apply to Plaintiff's claim regarding the first assignment of the mortgage to Defendant Chase in 2008 or any events before that.

While it is unclear if Plaintiff alleges a violation of Section 1641(g) based on the *second* assignment of the mortgage, such a claim would fail as well because it falls outside the statute of limitations. TILA's statute of limitations for alleged violations of the Section 1641(g)'s disclosure requirement is one year and runs from the date of the alleged violation. 15 U.S.C. § 1640(e); *see, e.g., Orman v. MortgageIT*, 2012 WL 1071219, at *6 (E.D. Pa. Mar. 30, 2012) ("If a notice is not sent, a borrower must bring a claim for statutory damages within one year from the date of the occurrence of the [alleged] violation....") (internal quotation omitted). The second assignment of Plaintiff's mortgage occurred on October 1, 2014. Defs. Seterus/FNMA Br., Ex. Three. Therefore, because Defendant Chase would have had 30 days to notify Plaintiff of the assignment of the mortgage to Defendant FNMA, Plaintiff would have had until October 31, 2015 to file a claim regarding the second assignment. Defendant did not file his initial Complaint until May 18, 2016. The second assignment is apparently barred by the statute of limitaitons.

Therefore, Count 12 is dismissed without prejudice.

## V. CONCLUSION

In sum, the Court **GRANTS** Defendants' motions to dismiss all counts without prejudice. Plaintiff has thirty (30) days to file a second amended complaint, if he so chooses, consistent with this Opinion. If Plaintiff does not do so, this matter will be dismissed with prejudice, which means that Plaintiff will not be able to bring another suit against Defendants based on the facts set forth in his Amended Complaint. An appropriate Order accompanies this opinion.

**Date:** October 24, 2017

John Michael Vazquez, U.S.D.J.